IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A.C.J.,<br><br>      Petitioner,<br><br>   vs.<br><br>WARDEN OF THE MESA VERDE<br>DETENTION FACILITY, *et al.*,<br><br>      Respondents. | Civil No. 1:26-cv-04434-MWJS<br>ORDER DENYING PETITION FOR WRIT<br>OF HABEAS CORPUS WITHOUT<br>PREJUDICE<br><br>A# 208-292-983 |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Carlos A.C.J.[1] is an immigration detainee proceeding with a petition

for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner was paroled

into the country in 2015, and he was granted lawful permanent resident status in 2017.

Dkt. No. 6-1, at pg. 2.  After Petitioner was convicted of various criminal offenses in

May 2025, U.S. Immigration and Customs Enforcement arrested him on November 7,

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

2025.[2]  *Id.*  Petitioner has been detained ever since—a period spanning seven months and eleven days, as of today.  *See id.* at pg. 2.

On the day of his arrest, the Department of Homeland Security (DHS) commenced removal proceedings against Petitioner under 8 U.S.C. § 1229a by filing a Notice to Appear (NTA).  *Id.* at pgs. 2, 4–7.  In the NTA, the DHS charged Petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(ii).  *Id.* at pg. 4.  That paragraph states that individuals who have been convicted of two or more crimes involving moral turpitude are deportable.  8 U.S.C. § 1227(a)(2)(A)(ii).  Petitioner's removal proceedings remain pending.

Petitioner now invokes this courts habeas jurisdiction, contending that his current detention violates his rights under the Due Process Clause of the Fifth Amendment.  Dkt. No. 1, at pgs. 16–17.  In response, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c).  Dkt. No. 6, at pgs. 1–2.  That subsection states, in relevant part, that DHS "shall take into custody" any noncitizen who is deportable for having committed any offense covered in 8 U.S.C. § 1227(a)(2)(A)(ii)—that is, the charge of removability lodged against Petitioner.  *See* 8 U.S.C. § 1226(c)(1)(B).

---

[2]    Petitioner's rap sheet and other documents reflect that he was convicted of various crimes, including "grand theft of the third degree," in violation of Fla. Stat. § 812.014(2)(c); "credit or purchases; obtaining illicitly," in violation of Fla. Stat. § 817.481(1); and "unlawful use of a two-way communication device," in violation of Fla. Stat. § 934.215.  Dkt. No. 6-2, at pgs. 14, 60.

Petitioner does not dispute that he is subject to mandatory detention under 8 U.S.C. § 1226(c), and it does not appear that he could do so here without first exhausting his administrative remedies. *Rakeshkumar H.P. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02869-MWJS, 2026 WL 1146201 (E.D. Cal. Apr. 28, 2026) ("[W]hile Petitioner contends that his classification under [8 U.S.C. § 1226(c)] is incorrect, a challenge of that nature must be raised, at least in the first instance, with immigration authorities rather than with a court."). Nevertheless, the court must consider and decide Petitioner's due process claim.[3] *Accord Solorzano-Ramirez v. Warden, California City Det. Facility*, No. 1:26-cv-2540 DC CSK, 2026 WL 1257256, at *2–4 (E.D. Cal. May 7, 2026).

Although the Supreme Court in *Demore v. Kim*, 538 U.S. 510 (2003), held that 8 U.S.C. § 1226(c) is facially constitutional, it left open the possibility of individualized constitutional challenges to prolonged detention under that statute. *See id.* at 526 (holding that the government may detain a noncitizen under § 1226(c) for the "limited period necessary for their removal proceedings"); *see also id.* at 532 (Kennedy, J., concurring) (explaining that "since the Due Process Clause prohibits arbitrary

---

[3]    Respondents note that a district court judge in the Southern District of Florida concluded on March 31, 2026, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). Dkt. No. 6, at pg. 2. As noted above, Petitioner does not dispute here that he is subject to mandatory detention under 8 U.S.C. § 1226(c), but that fact does not resolve his constitutional claim.

3

deprivations of liberty, a lawful permanent resident alien . . . could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").[4]

Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c).  *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-cv-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025).  Under even the most general possible standards, the record at this stage does not support Petitioner's due process claim.

Petitioner has been in custody for approximately seven and a half months.  He offers no evidence that the government has been the cause of any delay in his removal proceedings, or that there is any reason to fear there will be delay in the future.  He does not suggest that the government ever released him after detaining him on November 7, 2025, or that the government otherwise has ever found that he is not a flight risk or a danger to the community.  On this record, regardless of precisely what legal standards the court adopts, Petitioner's constitutional claim cannot prevail at this time.  *Accord Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month

---

[4]    The Court in *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018), likewise declined to rule on the question of whether 8 U.S.C. § 1226(c)'s mandatory detention provisions might, in individualized circumstances, become unconstitutional as applied.

detention under 8 U.SC. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-cv-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-cv-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

The petition, Dkt. No. 1, is therefore DENIED without prejudice.  Given the foregoing, Respondents' request to dismiss the petition, Dkt. No. 6, at pgs. 3–4, is DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

DATED:  June 17, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04434-MWJS; *Carlos A.C.J. v. Warden of the Mesa Verde Detention Facility*, et al.; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE